983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew J. MONACO, Plaintiff-Appellant,
v.
Robert G. BORG; John Van De Kamp, Attorney General of the
State of California; Brenton Textor, Chief
Medical Officer at FSP, Defendants-Appellees.
 No. 92-15573.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew Monaco, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. The district court determined that Monaco failed to show that the defendants were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992), and affirm.
 
 
 3
 Monaco contends that the defendants violated his eighth amendment rights by failing to properly treat his skin condition, diagnosed as "neurodermatitis."[1] This contention lacks merit.
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 5
 To establish a violation of the eighth amendment, Monaco must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989). A difference of opinion over proper medical treatment does not constitute deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 6
 Here, Monaco has not presented any evidence of deliberate indifference. Monaco has been treated on 28 different occasions by medical personnel at Folsom prison for his skin condition. His treatment has included steroids, antibiotics, medicated foot soaks, oil emulsions, antifungal medications, and foot wraps. In addition, Monaco has been allowed to go without shoes or wear soft-soled shoes on numerous occasions. Although Monaco concedes that he has been seen and treated many times by medical staff, he contends that his condition requires treatment by a neurologist and a dermatologist, as well as psychiatric care.[2] This difference of opinion regarding proper medical treatment does not constitute an eighth amendment violation. See Sanchez, 891 F.2d at 242. Accordingly, the district court did not err in granting summary judgment in favor of the defendants. See id. at 242.
 
 
 7
 Monaco also contends that the district court erred in denying his motion for a preliminary injunction to prevent defendants from denying Monaco access to the law library. This issue is moot on appeal, because the case has already been decided on the merits against Monaco. See Mount Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1450 (9th Cir.1992) (when underlying claims have been decided, reversal of denial of preliminary injunction would have no practical consequences and the issue is therefore moot). Accordingly, there is no effective relief this court could grant.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Monaco's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Neurodermatitis is a skin condition caused by stress. The patient develops an itchy rash which, when scratched, creates skin lesions. Although medication can alleviate the symptoms, the condition is considered chronic until the sources of stress in the patient's life are resolved. Declaration of Dr. Textor
 
 
 [2]
 Monaco also requested injunctive relief, in the form of removal to a Department of Corrections medical facility where his condition could be properly treated. Because we hold that summary judgment was properly granted in favor of the defendants, however, this claim for injunctive relief was also properly denied