985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kitrich A. POWELL, Plaintiff-Appellant,
v.
Mark BONAFFINI; Medical Staff Management; Paul Conner,
Deputy Chief, Defendants-Appellees.
 No. 92-15607.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Jan. 29, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kitrich A. Powell, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action. Powell contends that he received improper medical treatment and was denied adequate library access while he was incarcerated at the Clark County Detention Center. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992), and affirm.
 
 Medical Treatment Claim
 
 3
 Powell contends that the district court erred in granting defendants Bonaffini and Correctional Medical Management's motion for summary judgment. His complaint alleged that these defendants violated his eighth amendment rights by failing to treat him for the flu. This contention lacks merit.
 
 
 4
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 5
 It is an abuse of discretion for the district court to grant summary judgment solely on the basis of a local rule requiring the entry of summary judgment if no papers opposing the motion are filed or served. Henry v. Gill Industries, Inc., Nos. 91-15727, 91-16004, slip op. 209, 221-22 (9th Cir. Jan. 12, 1993). Here, the district court erred by basing its summary judgment primarily on Local Rule 140-6, under which failure to timely file an opposition to a motion constitutes consent to the motion.[1] However, we may affirm on any basis supported by the record. Id.; United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992). Because we find that summary judgment was appropriate on the merits of this case, the district court's error in applying Local Rule 140-6 was of no consequence. See Henry, Nos. 91-15727, 91-16004, slip op. at 222.
 
 
 6
 To establish a violation of the eighth amendment, Powell must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989). A delay in medical treatment alone does not constitute an eighth amendment violation. Hunt, 865 F.2d at 200. Powell must also show that the delay was harmful. See Shapely v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir.1985).
 
 
 7
 Here, Powell alleges that, although he requested treatment for flu symptoms, he was never seen by medical staff. However, the defendants submitted documents indicating that nursing staff checked on Powell and reported that he was resting comfortably, with no complaints, and that he was given aspirin.[2] Powell has not alleged any harm as a result of this treatment. Accordingly, the district court properly granted Bonaffini and Correctional Medical Management's motion for summary judgment. See Hunt, 865 F.2d at 200.[3]
 
 
 8
 Powell also contends that his motions for a default judgment or sanctions against defendants Bonaffini and Correctional Medical Management should have been granted. This contention lacks merit.
 
 
 9
 The denial of a motion for sanctions under Fed.R.Civ.P. 37 or for a default judgment under Fed.R.Civ.P. 55(b) is reviewed for an abuse of discretion. Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985) (Rule 37); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986) (Rule 55(b)). The sanction of dismissal or a default judgment should be granted only where failure to comply with discovery orders is due to bad faith, willfulness, or fault of the party. Wyle v. R.J. Reynolds Indus., 709 F.2d 585, 589 (9th Cir.1983).
 
 
 10
 Here, Powell has failed to show any bad faith by defendants Bonaffini and Correctional Medical Management. Powell contends that the defendants have purposefully given him conflicting information regarding the termination of Bonaffini's employment. However, the defendants have indicated that any discrepancy in their responses was not willful, but rather was the result of the limited information each defendant had at the time of discovery. Further, the defendants have responded to all of Powell's discovery requests and have supplemented their responses when ordered by the court to do so. Accordingly, the district court did not abuse its discretion by refusing to sanction the defendants. See id.; Fjelstad, 762 F.2d at 1337.
 
 Amended Complaint
 
 11
 Powell contends that the district court should have allowed him to amend his complaint after judgment was entered. Powell sought to add a request for monetary damages.[4] This contention lacks merit.
 
 
 12
 The denial of leave to amend after a responsive pleading has been filed is reviewed for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991). In determining whether leave to amend should be granted, the following factors should be considered: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. Id.
 
 
 13
 Here, Powell waited until after the judgment had been issued, almost two years after he filed his original complaint, to seek leave to amend. He did not allege in any previously filed papers that he had suffered monetary losses as a result of being denied adequate access to the law library. Further, the defendants would be prejudiced by the addition of a money damages claim; they had planned to defend against a facial challenge to the library's procedures, not a claim for a particular injury to one of the library's users. Accordingly, because Powell has unduly delayed in seeking leave to amend, and because the amendment sought would significantly prejudice the defendants, the district court did not abuse its discretion in denying leave to amend. See id. at 798-99.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court held, in the alternative, that Powell failed to provide proof of his claims adequate to survive a summary judgment motion
 
 
 [2]
 Defendants also submitted evidence showing that defendant Bonaffini attempted to respond to Powell's request for medical treatment within one week of the request. However, because Powell had been transferred from his regular module to lockdown, Bonaffini was unable to provide treatment at that time. Defendants' Motion for Summary Judgment, Exhibits C, D
 
 
 [3]
 Powell also alleges that the district court abused its discretion by failing to allow him additional discovery before deciding the defendants' summary judgment motion. However, the burden is on Powell to show what material facts would be discovered that would preclude a summary judgment motion. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). Powell has indicated that he sought to discover the circumstances under which defendant Bonaffini's employment was terminated. However, this evidence would not establish that Powell has suffered harm, and therefore would not defeat the summary judgment motion. Accordingly, the district court did not abuse its discretion in denying Powell's discovery motion. See Federal Sav. and Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir.1989) (district court did not abuse its discretion by refusing to delay ruling on summary judgment motion while defendant engaged in "fruitless discovery")
 
 
 [4]
 The district court dismissed Powell's claim that he had been denied access to the courts. Powell sought only injunctive relief for that claim. Because Powell had already been transferred out of the Clark County Detention Center, the claim for injunctive relief was deemed moot. Powell sought to amend the complaint to seek monetary damages of $5,000