1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ramon DEL RIO, Plaintiff-Appellant,
v.
Eddie YLST, Warden, C. Grahm, J. Carlson, R. Vaughn, D.M.
Glenn, Roberts and R.W. Ormsby, Defendants-Appellees.
 No. 93-15047.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Del Rio, a California state prisoner, appeals pro se the district court's order granting appellees' motion for summary judgment and dismissing his 42 U.S.C. Sec. 1983 action. Rio claims that appellees were deliberately indifferent to his safety in violation of the Eighth Amendment and that appellees refused to comply with discovery, depriving him of crucial documents needed to litigate his claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a motion for summary judgment, the nonmoving party must come forward with evidence sufficient to establish the existence of the elements essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 I. EIGHTH AMENDMENT CLAIMS
 
 4
 While incarcerated at California Medical Facility-Mainline, Rio was given a "Category T" classification.[1] Rio argues that appellees improperly changed his classification to "Category J"[2] and housed in a dangerous setting with other Category J inmates with deliberate indifference to his safety. Rio alleges that he requested a transfer to general population to which appellees Carlson and Vaughn did not respond.
 
 
 5
 While being housed with Category J inmates, Rio was assaulted. Following the assault Rio alleges that appellees acted with deliberate indifference to his medical needs by placing him in Administrative Segregation. He contends he was ordered into Administrative Segregation before being treated for his stab wounds.
 
 
 6
 The Eighth Amendment requires prison officials to protect prisoners from the threat of violence. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). To establish an Eighth Amendment violation, a prisoner must show that the prison personnel acted with "deliberate indifference" to the inmate's need for a safe environment. Id. at 461. A showing of "deliberate indifference," requires proof of some degree of individual culpability. Id. at 460.
 
 
 7
 Similarly, a prisoner can establish an Eighth Amendment violation with respect to medical care if he or she can prove there has been "deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). The indifference to medical needs must be substantial; inadequate treatment due to negligence or inadvertence is insufficient to state a claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to demonstrate deliberate indifference, a prisoner must allege sufficient facts to indicate that prison officials acted with a culpable state of mind. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).
 
 
 8
 Upon review of the record and due consideration, we determine the magistrate judge correctly concluded that Rio failed to submit evidence that appellees acted with "deliberate indifference" to his safety or his medical needs. We find that the district court properly adopted the magistrate's findings and granted summary judgment in favor of appellees.
 
 II. DISCOVERY
 
 9
 Rio also claims that appellees refused to comply with discovery, depriving him of crucial documents needed to litigate his claims. If a party opposing summary judgment is unable to provide affidavits showing that an issue of material fact exists, affidavits may be submitted indicating why he or she cannot then present facts essential to his opposition to summary judgment. Fed.R.Civ.P. 56(f); Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991), cert. denied, 113 S.Ct. 413 (1992). Rio, however, did not submit an affidavit to indicate what facts would be presented or why they could not be presented at the hearing. Additionally, Rio did not make a motion for additional time for discovery. We find that Rio has not shown any abuse of discretion by the district court in any discovery proceedings.
 
 
 10
 The district court's order granting appellees' motion for summary judgment is affirmed.[3]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Category T is for "inmates with identified psychiatric problems requiring outpatient group therapy or individual psychotherapy in a structured environment." Cal. Dept. of Correction, Operations Manual Sec. 62080.12
 
 
 [2]
 Category J inmates include those "who have difficulty functioning in general population because of residual psychiatric disability or symptoms." Cal. Dept. of Correction, Operations Manual Sec. 62080.9
 
 
 [3]
 Rio filed an "Application for Enlargement of Time" to file additional citations on May 28, 1993. We find that we can resolve this case without additional citations. Accordingly the application is denied