34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence DAWSON, Plaintiff-Appellant,
v.
James THOMAS, et al., Defendant-Appellee.
 No. 94-15330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Dawson, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Dawson's 42 U.S.C. Sec. 1983 action alleging that prison officials were deliberately indifferent to Dawson's medical needs in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Sanchez v. Vild, 891 F.2d 240, 241-2 (9th Cir.1989), and affirm.
 
 
 3
 * Background
 
 
 4
 On September 27, 1991, Dawson and three other prisoners filed a complaint under 42 U.S.C. Sec. 1983 against Warden James Thomas, Deputy Warden Dorothy Vigil, and Security Captain Frank Raines of the Arizona State Prison in Tucson. The prisoners' joint complaint raised a number of claims which included denial of access to the law library during a lockdown of the prison. One paragraph of the complaint also alleged that Dawson had been denied adequate medical care during the lockdown when he was not provided with his prescription of 500 mg. of acetaminophen (tylenol) for a period of seven days.
 
 
 5
 Dawson's claims subsequently were severed from that of the other plaintiffs. Upon the defendants' motion for summary judgment, Dawson conceded that his claim of lack of law library access was de minimis. Dawson contested, however, the defendants' request for summary judgment on his medical claim and filed a cross-motion for summary judgment. In support of his motion for summary judgment, Dawson submitted his affidavit and excerpts from his medical records. The record indicates that Dawson underwent cranial surgery in 1990, and suffers recurrent head pain for which he has been prescribed tylenol. Pursuant to prison procedure, Dawson timely requested a refill of his prescription on August 6, 1991. When he appeared to pick up his refill on August 9, 1991, however, the prescription had not been filled. Dawson states he returned on August 10 and August 11, but his prescription was not filled. Dawson contends that he requested medical staff to substitute non-prescription tylenol because he was in pain, but his request was refused. On August 11, 1991, the prison was locked down for two days following the escape of two prisoners. During the lockdown, prisoners could not pick up their prescriptions and a prison nurse instead delivered medication to prisoners. Dawson averred that the nurse did not deliver Dawson's prescription and failed to provide Dawson with non-prescription tylenol at his request, although he told her of his pain. Dawson stated that he finally obtained his prescription on August 16, 1991.
 
 
 6
 The district court granted summary judgment for the defendants, finding that Dawson had failed to show that defendants were deliberately indifferent to his serious medical needs. Dawson timely appeals.
 
 II
 Merits
 
 7
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 8
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). To establish deliberate indifference, "there must be a purposeful act or failure to act on the part of the defendant." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992). "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain sufficient to demonstrate deliberate indifference...." Id. (emphasis and citation omitted).
 
 
 9
 Additionally, liability under section 1983 cannot be predicated on the theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.
 
 
 10
 Here, Dawson alleged that Warden Thomas, Deputy Warden Vigil and Security Captain Raines were deliberately indifferent to his medical needs because they failed to insure that prison policies regarding delivery of medication during a lockdown were followed. There is no evidence, however, that either Thomas, Vigil or Raines personally participated in or directed the conduct whereby Dawson was unable to obtain tylenol. See id. Dawson's allegations also do not demonstrate any culpable state of mind by these defendants or that the defendants' failure to prevent Dawson from being deprived of his medication during a lockdown in the prison was constitutionally deficient. See Wilson, 501 U.S. at 303; Taylor, 880 F.2d at 1045.
 
 
 11
 While we liberally construe Dawson's pro se pleadings, McGuckin, 974 F.2d at 1055, Dawson's supporting evidence is insufficient to show that these defendants were deliberately indifferent to his medical needs, or that they even knew of Dawson's pain during the lockdown, see Sanchez, 891 F.2d at 242. Therefore, based on our review of the record, we conclude that the district court did not err in granting summary judgment for defendants.[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dawson also contends that before granting summary judgment, the district court should have examined his entire medical record, which would have indicated that he was denied his prescription during the lockdown. This contention is meritless
 It is apparent from the record that the district court examined Dawson's affidavit and the excerpt Dawson supplied from his medical records and recognized that Dawson had been denied both prescription and non-prescription tylenol. Dawson does not indicate how examination of additional medical records, which Dawson failed to supply to the district court, would have avoided summary judgment for the defendants.