46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyson L. DANIEL, Plaintiff-Appellant,
v.
George KAISER, Dr., State of Nevada Department of Prisons,
Dr. Charles Kilduff and Mark Wooley; Terry Lewis,
Dr.; Neil Goodsell, Dr., Defendants-Appellees.
 No. 94-15009.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1994.
Decided Feb. 2, 1995.
 
 Before: TANG, SCHROEDER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tyson Lee Daniel appeals from orders granting summary judgment in favor of the defendants in his 42 U.S.C. Sec. 1983 suit for damages. Appellant claims that prison officials and doctors subjected him to cruel and unusual punishment by manifesting deliberate indifference to an injury on his heel that became progressively worse, eventually posing the threat of a leg amputation. This appeal only involves plaintiff's claims against two doctors, Drs. Lewis and Goodsell. We affirm.
 
 I.
 
 3
 On November 12, 1988, Daniel, then a state prisoner at the Southern Nevada Correctional Center, sustained a small cut on his heel while showering. Dr. Goodsell of the Nevada Department of Prisons treated him for his injury from November 12, 1988 through May 1, 1989. During that time frame, Dr. Goodsell was appellant's primary care provider. From January 26, 1989 through May 1, 1989, Goodsell saw appellant on February 24, March 6, March 20, March 29, and April 11. The record establishes that Goodsell treated appellant with three different antibiotics, advised him to keep off his heel, had his dressings changed, and transferred him to another infirmary. Daniel's wound was cultured on April 19, 1989.
 
 
 4
 Dr. Lewis was an outside physician who treated appellant on seven occasions between January 26, 1989 and October 3, 1989, pursuant to referrals from the prison system. After each visit by appellant, Dr. Lewis inspected and treated his wound; provided recommendations for future care; and reported his recommendations to the prison medical staff.
 
 
 5
 On November 28, 1990, Daniel, who is no longer incarcerated, filed an amended Section 1983 action. The district court granted summary judgment in favor of defendants Kaiser, Goodsell, Kilduff and Wooley on June 22, 1993. On November 24, 1993, the district court granted summary judgment as to Lewis, the remaining defendant. Daniel appeals only that portion of the order granting summary judgment in favor of Goodsell, and the order granting summary judgment in favor of Lewis.
 
 II.
 
 6
 Section 1983 requires a claimant to prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege or immunity protected by the Constitution or the laws of the United States. See 42 U.S.C. Sec. 1983. A person deprives another of a constitutional right for purposes of Section 1983 if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is required to do that causes the deprivation complained of. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988).
 
 
 7
 Prison medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment and gives rise to Section 1983 liability if the conduct complained of constitutes "deliberate indifference" to the "serious medical needs" of the prisoner. See Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992). Such deliberate indifference to a prisoner's serious medical needs is constitutionally impermissible because it amounts to "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). In order for deliberate indifference to be established, a defendant must purposefully ignore or fail to respond to a prisoner's prior or possible medical need. See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1992).
 
 III.
 
 8
 Appellant contends that Goodsell manifested deliberate indifference by delaying his treatment with antibiotics, delaying the taking of a culture to determine the type of infection from which he was suffering, and taking him off of antibiotics that seemed to be aiding him. He relies principally on the testimony of his expert witness, Dr. Smolens, who testified about Goodsell's failure to provide the appropriate antibiotics in the appropriate sequence, and his failure to insure that appellant was compliant with the doctors' requests. Smolens also criticized Dr. Goodsell for failing to provide whirlpool treatment that Dr. Lewis had recommended.
 
 
 9
 As regards Lewis, appellant contends that Lewis was derelict in his duty by not ordering a culture at the appropriate juncture. Dr. Smolens testified that he would characterize Lewis' treatment of appellant as deliberately indifferent, assuming appellant's wound was "grossly infected" on January 26, 1989, the first time appellant saw Lewis, a date some two and one-half months after appellant was injured.
 
 IV.
 
 10
 Viewed in the light most favorable to appellant, his allegations raise serious questions as to the adequacy and competency of his treatment. Whether Daniel was the victim of medical malpractice, however, is not the issue before us. Both appellees engaged in diligent, good faith, continuous efforts to treat appellant's injury. Nothing before the trial court raised a triable issue of fact as to whether Lewis or Goodsell purposefully ignored or failed to respond to appellant's pain or possible medical need. See McGuckin at 1060.
 
 
 11
 Plaintiff's expert's disagreement with the course and competency of treatment prescribed by the doctors, even if such testimony is credited as conclusively establishing negligence in diagnosis or treatment, cannot establish deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (noting that a difference of opinion over medical treatment does not amount to deliberate indifference to serious medical needs).
 
 
 12
 This case is materially distinguishable from those Section 1983 suits in which we have found a triable issue of "deliberate indifference" under the Eighth Amendment for provision of prison medical care. See Hamilton v. Endell, 981 F.2d 1062 (9th Cir.1992) (affirming denial of summary judgment where prison officials forced inmate to fly in contravention of his treating physician's specific orders and in total disregard for his past experience with ear pain and injury when flying); Hunt v. Dental Department, 865 F.2d 198, 200 (9th Cir.1989) (reversing summary judgment where inmate alleged that though prison officials were aware loss of his dentures was causing him severe pain and permanent physical damage, no action was taken to relieve his pain or to prescribe a soft food diet until new dentures could be fitted some three months later).
 
 
 13
 Unlike Hamilton, this case does not present a situation where prison officials flouted the patient's documented medical history and the specific recommendations of his treating physician. Similarly, in contrast to Hunt, this is not a case in which prison officials completely failed to treat appellant for more than three months. Goodsell and Lewis never ignored Daniel's complaints; rather, they actively treated him. Whether such treatment comported with the appropriate medical standard, or whether appellant's injury responded sufficiently to such treatment, is of no moment to our constitutional inquiry.
 
 V.
 
 14
 We conclude that appellant has adduced no evidence to enable a trier of fact to conclude that Goodsell and Lewis were deliberately indifferent to his medical needs. Both defendants saw Daniel frequently during the time frame at issue, and continuously endeavored to treat his injury. His allegations amount to criticism of the "standard of care" with which he was provided, not a claim that appellees purposefully ignored or failed to respond to his medical needs. Whether appellees' treatment constituted negligence, however, is not germane to a Section 1983 complaint alleging an Eighth Amendment violation.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3