81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernard HOUCK, Plaintiff-Appellant,
v.
Edward SPARKS, DDS; Theodore Jolley; State of Arizona,
Defendants-Appellees.
 No. 95-15166.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernard Houck, an Arizona state prisoner, appeals pro se the district court's judgment, following a bench trial, in favor of prison medical staff in Houck's 42 U.S.C. § 1983 action. Houck contends the district court erred by (1) finding that defendants did not act with deliberate indifference toward his serious medical needs in violation of the Eighth Amendment, and (2) refusing to appoint counsel for trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's factual findings for clear error, and its conclusions of law de novo. Brooker v. Desert Hosp. Corp., 947 F.2d 412, 414 (9th Cir.1991).
 
 
 4
 To establish a violation of the Eighth Amendment, Houck must show that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). The indifference must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059. As part of proper medical care, "the eighth amendment requires that prisoners be provided with a system of ready access to adequate dental care." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989).
 
 
 5
 At trial, Houck testified that Dr. Sparks extracted a tooth without using anesthesia on August 18, 1992, and that Sparks extracted his teeth in a pattern which left Houck unable to chew, thereby causing weight loss. Sparks testified that Houck's dental record indicates that Sparks utilized three carpules of anesthesia when he extracted Houck's tooth on August 18, 1992, and that he independently recalled the incident because the usual dose is only two carpules. Dr. Leavitt, another dentist who treated Houck during this time period, testified that when he explained the treatment plan to Houck, he informed Houck that there would be time between extractions to allow for healing before the dentures were fitted.
 
 
 6
 The district court found that Sparks did use anesthesia when extracting Houck's tooth on August 18, 1992, and that he extracted Houck's teeth in a manner that left him with sufficient teeth to chew. In addition, the court found that the provision of a soft food diet to Houck was a reasonable method of addressing Houck's chewing difficulties, and that Houck failed to show that Sparks's treatment caused his weight loss. On appeal, Houck has not demonstrated that these findings are clearly erroneous. See Brooker, 947 F.2d at 415. Accordingly, the district court properly concluded that Houck failed to establish that defendants acted with deliberate indifference towards his serious medical needs. See Estelle, 429 U.S. at 104-06; McGuckin, 974 F.2d at 1062.
 
 
 7
 Because this case presents no exceptional circumstances, the district court did not abuse its discretion by denying Houck's request for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee's motion to strike Appendix A of Houck's brief, filed July 21, 1995, is granted