139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricky L. FOOTE, Plaintiff-Appellant,
v.
Nevada Department of Prisons; Ron Angelone, Director,
individually; Dr. Potter, individually; Dr. Kaizer,
individually; Mr. Delp, individually; Sherman Hatcher;
Charles Wolff; Frank Armenta; Mr. Sundell; Richard
Johnson; Kenneth Smith; Dr. Harrison, Defendants-Appellees.
 No. 97-15410.
D.C. No. CV-93-00503-DWH.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the District of Nevada David W. Hagen, District Judge, Presiding.
 Before HUG, Chief Judge, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricky L. Foote, a Nevada state prisoner, appeals pro se the district court's grant of summary judgment for prison authorities in his 42 U.S.C. § 1983 action alleging the removal of medically authorized equipment from his cell constituted deliberate indifference to a serious medical need. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether there are any genuine issues of material fact and whether the district court correctly applied the law. Id.
 
 A. Eighth Amendment Claim
 
 4
 A prison official violates the Eighth Amendment if he is deliberately indifferent to an inmate's serious medical need. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Deliberate indifference is a subjective standard, while medical need is objective. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). A difference of opinion, whether between an inmate and physicians or between physicians, does not give rise to an Eighth Amendment violation. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 5
 Here, a prison physician opined that in treating musculoskeletal back pain, a back brace and a double mattress are contraindicated, and a straight back chair, a heating pad, an orthopaedic pillow and wraps are not medically beneficial. Because, at best, Foote has shown a difference of opinion regarding the utility of his equipment, he has failed to demonstrate a serious medical need for the equipment. Id.
 
 
 6
 Foote argues that the district court's finding that the November 1992 policy was not applicable to his medically assigned equipment is inconsistent with its other finding that Foote's failure to follow that policy excuses appellees' refusal to return the confiscated equipment. Even if Foote's contention is true, he has still failed to show that prison officials acted with deliberate indifference. In addition to the posting of the November policy, Foote was advised on December 2, 1992 that he could regain approval for his equipment by sending a "kite" to his caseworker. Because Foote never "kited" his caseworker to request reassignment of his medical equipment, despite being advised of the established policy, we conclude that appellees' were not deliberately indifferent to Foote's medical needs by failing to return his equipment.
 
 
 7
 Since Foote has failed to show that the prison officials were deliberately indifferent to a serious medical need, we conclude that the district court properly granted summary judgment for the prison officials. Bagdadi, 84 F.3d at 1197.
 
 B. Motion For Preliminary Injunction
 
 8
 Because Foote failed to establish a medical need for the confiscated equipment, the district court did not abuse its discretion by denying Foote's motion for an injunction compelling return of the equipment. See Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996).
 
 
 9
 C. Failure To Analyze The November 1992 Policy Under Jordan v. Gardner
 
 
 10
 Because the parties agree on appeal that the district court properly determined that the Special Housing Policy did not apply to Foote's medically assigned equipment, it is not necessary to reach whether the district court erred in failing to analyze the policy under Jordan v. Gardner, 986 F.2d 1521, 1529-30 (9th Cir.1993) (en banc).
 
 D. Motion For Leave To Amend Complaint
 
 11
 Foote's proposed amended complaint, adding new theories of liability and defendants after the parties filed their dispositive motions, would have prejudiced defendants by substantially complicating and delaying the case. Hence, the district court did not abuse its discretion in denying leave to amend. See Loehr v. Ventura County Comm. College Dist., 743 F.2d 1310, 1319-20 (9th Cir.1984).
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3