Rex Allen **PREWITT**, Plaintiff—
Appellant,

v.

Evan **ROOS**; **Chuck Day**; **Vicki Webb**; **Diane Inman**; **S.T. Higgins**; **Michele France**; **Mike Trapp**; **Doug Wagner**; **Jan Trammel**, Defendants—Appellees.

No. 03-35874.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided Dec. 22, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Rex Allen Prewitt, Orofino, ID, pro se.

Peter C. Erbland, Esq., Darrin L. Murphey, Michael R. Chapman, Paine, Hamblen, Coffin, Brooke & Miller, Coeur D'Alene, ID, Jeremiah A. Quane, Esq., Hans A. Mitchell, Quane Smith LLP, Boise, ID, for Defendants—Appellees.

Before: GOULD and BERZON, Circuit Judges, and SCHWARZER,** District Judge.

## MEMORANDUM ***

Rex Allen Prewitt appeals from the district court's order granting summary judgment and dismissing his claims under 42 U.S.C. § 1983 on account of the defendants' qualified immunity. Reviewing de novo, *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc), we vacate the district court's order in part.

"In order to defeat summary judgment . . . [Prewitt] must show that he was (1) confined under conditions posing a risk of objectively, sufficiently serious harm and (2) that the officials had a sufficiently culpable state of mind in denying the proper medical care." *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir.2003) (internal quotation marks and citations omitted). Taking the evidence in the light most favorable to Prewitt, he has established a constitutional violation by alleging that the defendants acted with deliberate indifference [1] to serious medical needs by failing to provide his pain medication at the times and frequency specifically and repeatedly prescribed by Prewitt's doctors and by failing to follow post-surgical discharge instructions to provide pillows to elevate Prewitt's injured hand. *See Lopez v. Smith*, 203 F.3d 1122, 1131–32 (9th Cir. 2000) (en banc) (citing *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), for the principle that a prisoner "can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment"); *cf. McGuckin v. Smith*, 974 F.2d 1050, 1060–61 (9th Cir.1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc) ("[A] finding that the defendant repeatedly failed to treat an inmate properly . . . strongly suggests that the defendant's actions were motivated by 'deliberate indifference' to the prisoner's medical needs.").

There is no factual dispute that numerous doctors' prescriptions for Prewitt's pain medication were deliberately not fol-

---

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. At the time of the alleged rights violations, Prewitt was a pre-trial detainee. We apply the deliberate indifference standard to pre-trial detainees as well as prisoners. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir.2002).

lowed. Nor were "several pillows" provided to Prewitt to "lessen swelling," as required by his discharge instructions. As a result of the defendants' interference with Prewitt's prescribed medical treatment, his pain was allegedly considerably exacerbated. This interference violated Prewitt's constitutional rights. *See Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir.1992) ("Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment.") (quoting *Hunt v. Dental Dep't,* 865 F.2d 198, 201 (9th Cir.1989)); *see also McGuckin,* 974 F.2d at 1059–60 ("[T]he existence of chronic and substantial pain [indicates] that a prisoner has a 'serious' need for medical treatment.").

Moreover, the defendants violated law that was clearly established at the time of the alleged deliberate indifference. *Wakefield v. Thompson,* 177 F.3d 1160 (9th Cir. 1999), decided on May 27, 1999, just after the events at issue, enunciated law that was already clearly established in this circuit and by the Supreme Court in *Estelle. See id.* at 1165 ("Following *Estelle,* we have held that a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon."); *see also Ortiz v. City of Imperial,* 884 F.2d 1312, 1314 (9th Cir.1989) (per curiam).

"Even in the context of clearly established law, if the officer's mistake as to what the law requires is reasonable ... the officer is entitled to the immunity defense." *Galvin v. Hay,* 374 F.3d 739, 745 (9th Cir.2004) (internal quotation marks and citation omitted). We conclude that a reasonable jury could find that the defendants acted with deliberate indifference to serious needs for pain medication and pillows. *See Lolli,* 351 F.3d at 421 ("Much like recklessness in criminal law, deliber-

ate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm."). Also, a reasonable jury could find on the summary judgment record that the defendants' reliance on the jail's medication dispensing schedule is an insufficient justification for the defendants to prevail, particularly in light of the competing directive in the same health care manual that prescribed medication "will be administered in the prescribed dosage at the prescribed time."

We also vacate the grant of summary judgment with respect to the restrictions on Prewitt's access to physical therapy equipment. Prewitt, supported by his physical therapist's reports, alleges that the denial of that equipment adversely affected the healing of his shoulder and contributed to his need for additional surgery. While defendants Roos and Day claim that they withheld this equipment for security reasons, they provide no explanation concerning whether the security concerns could be accommodated by providing for use in limited areas, at limited times, or under supervision, as Prewitt suggested, nor any explanation concerning why Prewitt was allowed to use the equipment in the therapist's office but not in the jail. Issues of material fact therefore remain concerning whether the defendants' complete exclusion of the prescribed equipment was in fact warranted by security concerns, in light of the actual impact on Prewitt's health. *See McGuckin,* 974 F.2d at 1061 ("[T]he more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established 'deliberate indifference'....").

Prewitt did not appeal the remainder of the district court's judgment.

Costs on appeal are awarded to Prewitt.

**VACATED in part; REMANDED.**