**Ahmed AMARIR, Plaintiff–Appellant,**

v.

**James C. HILL, DDS; Michael L. Friedman, M.D.; P. Barker, Warden; Director of CDC; Jeanne Woodward, Director of CDC, Defendants–Appellees.**

No. 06–16195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Oct. 31, 2007.

Ahmed Amarir, Soledad, CA, pro se.

Jacqueline Bos, Esq., Morrison & Foerster, LLP, San Francisco, CA, for Plaintiff–Appellant.

Carol Sleeth, Esq., Andrada & Associates, Oakland, CA, J. Randall Andrada, Esq., for Defendants–Appellees.

Before: TROTT and N.R. SMITH, Circuit Judges, and SHADUR *, Senior Judge.

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

## MEMORANDUM **

California state prisoner Ahmed Amarir appeals the district court's summary judgment order dismissing his 42 U.S.C. § 1983 civil rights action against prison medical officials, James C. Hill, DDS and Michael C. Friedman, MD. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Taylor v. List,* 880 F.2d 1040, 1044 (9th Cir.1989). We affirm.

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy,* 844 F.2d 628, 632–33 (9th Cir.1988). There is no dispute that Dr. Hill and Dr. Friedman acted under color of state law when treating Amarir due to their acknowledged status as doctors employed at the Correctional Training Facility, North, in Soledad, California.

■ Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Dental care is one of the most important medical needs of inmates." *Hunt v. Dental Dept.,* 865 F.2d 198, 200 (9th Cir.1989) (citation omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Id.* at 201 (internal quotations omitted). Delay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation unless the delay causes harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985). Indifference may be shown by the way in which prison physicians provide medical care. *Hutchinson v. U.S.,* 838 F.2d 390, 394 (9th Cir.1988). The record shows that Amarir received treatment for his dental needs from Dr. Hill on nine separate occasions over a thirteen month span. Viewing all of the evidence in this record in the light most favorable to Amarir, the record demonstrated only that Dr. Hill and Amarir had differing opinions about Amarir's dental treatment. *See Estelle,* 429 U.S. at 106, 97 S.Ct. 285; Cal. Code Regs. tit. 15, § 3350.1(a)(2)(B)(2007).

Additionally, Dr. Hill's denial of Amarir's request to see an outside specialist at the prison's expense did not amount to deliberate indifference. A prison inmate has no independent constitutional right to outside medical care supplemental or additional to the medical care provided by the prison staff within the institution. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir.1986); *Estelle,* 429 U.S. at 103–04, 97 S.Ct. 285. A prison inmate also does not have a right to treatment for conditions that are not readily amenable to treatment, including TMJ. *See* Cal. Code Regs. tit. 15, § 3350.1(a)(2)(B). Amarir continued to seek and receive dental care through the prison, and at no time was Amarir denied medical care. Furthermore, Amarir did not assert that he was indigent and unable to afford outside treatment. Thus the district court properly granted summary judgment in favor of Dr. Hill as to this issue.

■ There is no evidence in the record that Dr. Friedman treated Amarir or evaluated Amarir's appeal. Amarir presented

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

no evidence that there is a causal connection between Dr. Friedman's actions and Amarir's complaints. Further, there is no liability for respondeat superior under 42 U.S.C. § 1983. *See Bell v. Clackamas County,* 341 F.3d 858, 867 n. 3 (9th Cir. 2003) (citing *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002)).

Because this case lacks any indicia of deliberate indifference, we need not address whether Dr. Hill and Dr. Friedman are entitled to qualified immunity. Given the failure of Amarir's constitutional claims, the district court properly dismissed the remaining state law claims for lack of subject matter jurisdiction.

AFFIRMED.