Cleolis HUNT, Plaintiff–Appellant,

v.

DENTAL DEPARTMENT, et al., Defendants–Appellees.

No. 87–2661.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 27, 1988.*

Decided Jan. 6, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Cleolis Hunt, Douglas, Ariz., for plaintiff-appellant.

Thomas Prose, Asst. Atty. Gen., State of Ariz., Phoenix, Ariz., for defendants-appellees.

Before BRUNETTI, KOZINSKI and THOMPSON, Circuit Judges.

## OPINION

THOMPSON, Circuit Judge:

Cleolis Hunt, appearing pro se, appeals from the district court's grant of summary judgment in favor of the defendants in Hunt's action filed under 42 U.S.C. § 1983. Hunt sued Samuel Lewis, Director of the Arizona Department of Corrections, the Dental Department of the Arizona State Prison at Florence (the "prison"), and three prison employees: Ted Jolly, medical administrator at the prison; Dr. A. Schaffer, a prison dentist; and an unnamed certified medical assistant (CMA). Hunt claimed that the defendants were deliberately indifferent to his serious dental needs in violation of the eighth amendment. We affirm in part, reverse in part and remand.

## FACTS

Hunt has worn top and bottom partial dentures since 1984 to compensate for thirteen missing teeth. Hunt lost his dentures during a prison riot.[1] In October 1986, he made requests to the CMA for dental treatment and replacement of his dentures. He was not given treatment and his dentures were not replaced. On November 18, 1986, Hunt completed and filed an inmate grievance form which was routed to and reviewed by Jolly. In this grievance (which Hunt filed as part of his complaint), Hunt claimed that without his dentures, his teeth

were breaking off and his gums were bleeding and had become infected. He also complained that he suffered pain and weight loss due to his inability to eat properly, and that his request to be placed on a soft food diet had been denied. Jolly noted on Hunt's grievance form: "You have been referred to Dental [sic] care. (A. Schaffer)."

On February 3, 1987, Hunt sent Jolly a follow-up to his grievance, stating that he had not yet received any treatment for the loss of his dentures and that his condition had worsened. On February 11, 1987, nearly three months after Hunt had filed his grievance, the dental staff at Florence examined Hunt for the first time. The next day Hunt was transferred to the Arizona State Prison at Douglas where Hunt admits his dental care needs were met.

Hunt filed his section 1983 complaint May 11, 1987. On May 18, 1987 the district court ordered that "[t]he [d]efendants ... undertake a review ... of the complaint ... [and] file a written report of the review with [the] court." In this order, the district court stated that the report should include "some explanation of the actions complained of in the complaint." In response to this order, the defendants filed an affidavit by Dr. Joseph Scalzo, medical administrator for the Arizona Department of Corrections, dated June 24, 1987. Dr. Scalzo confirmed that Hunt had reported the loss of his dentures on November 3, 1986, and had not been seen by dental personnel until February 11, 1987. Dr. Scalzo also stated that Hunt had some teeth which were "sufficient to masticate some foods," and that Hunt had no documented weight loss. Dr. Scalzo noted that Hunt had complained of sore gums, had been "prescribed a soft diet on May 7, 1987 through July 7, 1987," and that his dentures were "currently being constructed in the dental lab and they are scheduled to be delivered to the institution prior to the first of July 1987."

1. Hunt alleges that he was not involved in the riot, that his dentures were soaking in a cup in the area of the prison where he lived, that the riot extended into this area, and when the riot ended his dentures were gone. The date of the riot has not been provided in the record.

Along with Dr. Scalzo's affidavit, the defendants filed a motion to dismiss Hunt's complaint on the grounds that Hunt had failed to state a claim on which relief could be granted, and that the defendants were entitled to summary judgment based upon the facts as alleged by Hunt and as set forth in Dr. Scalzo's affidavit. The district court granted summary judgment for the defendants. The court concluded that the delay in treating Hunt was not unreasonable and that the defendants were, at most, negligent in dealing with Hunt's dental needs.

## ANALYSIS

We review a district court's grant of summary judgment de novo. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir.1987). Our review is governed by the same standard as that used by the trial court under Fed.R.Civ.P. 56(c). *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986).

Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1112 (9th Cir.1986), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). "Dental care is one of the most important medical needs of inmates." *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). Accordingly, the eighth amendment requires that prisoners be provided with a system of ready access to adequate dental care. *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir.1982). "Prison officials show deliberate indifference to serious medical needs if prisoners are unable to make their medical problems known

to medical staff." *Id.* In deciding whether there has been deliberate indifference to an inmate's serious medical needs, we need not defer to the judgment of prison doctors or administrators. *Wood v. Sunn*, 852 F.2d 1205, 1211 (9th Cir.1988).

■ Although delay in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation, *see Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir.1985), Hunt alleged that prison officials were aware that the loss of his dentures was causing him severe pain and resulting in permanent damage to his teeth. Specifically, he alleged that the prison officials were aware of his bleeding gums, breaking teeth and his inability to eat properly, yet failed to take any action to relieve his pain or to prescribe a soft food diet until new dentures could be fitted. These allegations are sufficient to state a claim of deliberate medical indifference under section 1983. *See Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir.1984) (plaintiff claimed that jailor knew of prisoner's pain from infected tooth but refused to provide dental care for up to three weeks).

■ We consider Hunt's claims against defendants Samuel Lewis, Director of the Arizona Department of Corrections, and the Dental Department of the Arizona State Prison at Florence, separately from those asserted against Jolly, Dr. Schaffer and the CMA. As to Lewis, Hunt failed to allege any facts showing how he played a role in denying Hunt medical care. *See Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Wood*, 852 F.2d at 1212. Lewis cannot be held vicariously liable for the fault of personnel at Florence. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bonner v. Lewis*, 857 F.2d 559, 565 (9th Cir.1988) (doctrine of *respondeat superior* not applicable in prisoner's claim against Director of Arizona Department of Corrections). Summary judgment in favor of Lewis was appropriate. Summary judgment was also appropriate in favor of the Dental Department at Florence. The Dental Department of the Arizona State Prison at Florence is

part of the Arizona Department of Corrections, a state agency, and it is immune from actions brought under section 1983. *See Quern v. Jordan,* 440 U.S. 332, 340–41, 99 S.Ct. 1139, 1144–45, 59 L.Ed.2d 358 (1979); *Ginter v. State Bar of Nevada,* 625 F.2d 829, 830 (9th Cir.1980).

 Hunt's allegations as to Jolly, Dr. Schaffer and the CMA, however, viewed in the light most favorable to him, could support a finding of deliberate indifference to Hunt's serious dental needs. *See Anthony v. Dowdle,* 853 F.2d 741, 743 (9th Cir.1988) (in order to show deliberate indifference by defendants, the plaintiff must show defendants were aware of his injuries and denied plaintiff's requests for medical treatment). Hunt has set forth specific facts from which it reasonably could be concluded that Jolly and the CMA were aware of the seriousness of Hunt's dental condition but denied his requests for prompt treatment.[2] The record indicates that Dr. Schaffer may also have been aware of Hunt's requests for treatment because Hunt's inmate grievance form reflected that it was referred to Dr. Schaffer.

Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment." *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1984). Hunt alleged, and the defendants did not dispute, that there was a delay of more than three months before Hunt was treated. Given the serious dental problems which Hunt alleges he repeatedly complained about, this delay appears to have been more than an isolated occurrence of neglect. *See Wood,* 852 F.2d at 1210. From the facts alleged, it reasonably could be concluded that the delay was deliberate and that it caused Hunt to suffer "unnecessary and wanton infliction of pain." *See Wood,* 852 F.2d at 1212; *see also Ramos,* 639 F.2d at 574.

As the factual record is developed, it may turn out that Hunt's dental problems were not as serious as he alleges, or that neither Jolly, Dr. Schaffer or the CMA was deliberately indifferent to Hunt's need for dental care. But at this stage of the case, considering Hunt's allegations in the light most favorable to him, summary judgment in favor of the defendants Jolly, Dr. Schaffer and the CMA was inappropriate.

## CONCLUSION

We affirm the district court's grant of summary judgment in favor of the defendants Samuel Lewis and the Dental Department of the Arizona State Prison at Florence. We reverse the district court's grant of summary judgment in favor of Jolly, Dr. Schaffer and the CMA, and remand this case to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

---

**2.** The Florence medical staff's refusal to put Hunt on a soft food diet probably does not rise to the level of deliberate indifference. When a prisoner who needs a special diet will eventually be transferred to an institution equipped to provide it, "[n]either precedent nor common sense suggests that delay in providing a special diet rises to the level of deliberate indifference." *Toussaint,* 801 F.2d at 1112. The record contains no reason for Hunt's transfer to the Doug-

las state prison, but Hunt was placed on a soft food diet there on May 7, 1987, over one month after he was first seen by Douglas's dental staff. Hunt has not complained about his treatment at Douglas.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).