19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathaniel TURNER, Jr., Plaintiff-Appellant,
v.
William MCKINLEY, M.D., Defendant-Appellee.
 No. 93-16434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nathaniel Turner, Jr., an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of William McKinley, M.D., a prison physician, in Turner's 42 U.S.C. Sec. 1983 action alleging that McKinley delayed refilling his prescription for medication necessary to treat his asthma. We review de novo, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and we affirm.
 
 
 3
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). The indifference to medical needs must be substantial; inadequate treatment due to negligence or inadvertence is insufficient to state a claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). "The prisoner must set forth specific facts as to each individual defendant's deliberate indifference." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).
 
 
 4
 In his opposition to McKinley's summary judgment motion, Turner alleged that when he ran out of his medication on March 23, 1992, he asked an Arizona State Prison Complex registered nurse for assistance in refilling his prescription. Upon learning from the nurse that only McKinley had the authority to refill his prescription, he asked the nurse and two other medical providers to schedule an appointment with McKinley. They informed him that an appointment was scheduled in May. He received the medication on May 7, 1992.
 
 
 5
 Turner has failed to allege specific facts showing that McKinley knew of his immediate need for the medication yet delayed refilling or refused to refill the prescription. On the contrary, Turner admitted in his opposition to McKinley's summary judgment motion that he received the medication within two days of a scheduled appointment with McKinley. Because Turner failed to allege specific facts showing that McKinley acted with the deliberate indifference proscribed by the eighth amendment, the district court properly granted summary judgment in favor of McKinley. See Leer, 844 F.2d at 633-34.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3