Sherman JONES, Plaintiff—Appellee,

v.

Dr. GREER, DDS; Dr. T.C. Dillard, DDS; Darrel White, DDS; Dr. Sheldon Brooks, DDS, Defendants—Appellants.

No. 01–55724.

D.C. No. CV–99–04720–SVW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2002.*

Decided July 31, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BROWNING, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM\*\*

Appellants dentists (collectively "the dentists") appeal the district court's denial of their motion for summary judgment based on qualified immunity in Sherman Jones' ("Jones") action under 42 U.S.C. § 1983.

Taking the allegations in the light most favorable to Jones, we must consider whether the dentists' conduct violated a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Then we must determine if that right was clearly established. *Id.* In determining whether the right is clearly established, we consider whether it would be clear to a reasonable official that his conduct was unlawful. *Id.; Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir.2001) (per curiam) (as amended).

Taking the allegations in the light most favorable to Jones, he identifies a constitutional right under the Eighth Amendment to be free of cruel and unusual punishment, based on his allegations that he suffered a serious health deprivation due to

\*\* This disposition is not appropriate for publication and may not be cited to or by the

the dentists' deliberate indifference to his medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir.1995); *Hunt v. Dental Dep't*, 865 F.2d 198, 200–01 (9th Cir.1989).

At the time of the dentists' alleged conduct, the law on deliberate indifference to medical needs was clearly established. It would be clear to a reasonable prison dentist that delaying a dental examination for three months in the face of an inmate's untreated pain was deliberately indifferent. *Hunt*, 865 F.2d at 200–01.

We may affirm on any ground supported by the record. *First Pac. Bank v. Gilleran*, 40 F.3d 1023, 1024 (9th Cir.1994). Accordingly, the district court properly denied summary judgment on the basis of qualified immunity. *Saucier*, 121 S.Ct. at 2156; *Jeffers*, 267 F.3d at 910.

AFFIRMED.