Calvin B. FEWS, Plaintiff—Appellant,

v.

PEREZ, Lieutenant, Defendant—Appellee.

No. 05–16937.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Jan. 23, 2007.

Calvin B. Fews, San Quentin, CA, pro se.

Catherine Morris Krow, Esq., Orrick Herrington & Sutcliffe, LLP, San Francisco, CA, for Plaintiff–Appellant.

Jennifer J. Nygaard, DAG, California Department of Justice, San Francisco, CA, for Defendant–Appellee.

Before: TASHIMA and McKEOWN, Circuit Judges, and CARTER,* District Judge.

* The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

Plaintiff, Calvin Fews, appeals an order of the district court granting summary judgment in favor of the defendant, Lieutenant A. Perez. Fews, a state prisoner, filed a pro se claim under 42 U.S.C. § 1983 against Perez, alleging that Perez was deliberately indifferent to Fews' serious medical needs, in violation of the Eighth Amendment.

Fews was scheduled for dental surgery at San Quentin State Prison when he was ordered transferred to Corcoran State Prison. Despite the scheduled surgery and Fews' protests of pain, Perez ordered that the transfer be effectuated. Fews was give temporary pain medication for his trip and Perez believed that Fews would receive prompt medical attention after his arrival at Corcoran State Prison. The district court granted summary judgment on the basis that Perez was entitled to qualified immunity because he acted reasonably.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

■ "Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). First, we agree with the district court that Fews sufficiently alleged a violation of a constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 200–01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (explaining that, when an officer asserts qualified immunity as a defense to a suit for an alleged violation of a constitutional right, the court first must consider whether the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right). We further conclude that the right was clearly established. *See id.* at 201, 121 S.Ct. 2151 ("[I]f a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."). Fews' undisputed statements in his declaration and his complaint that his decaying tooth caused him severe pain and required surgery are sufficient to allege a serious medical need. *See Lopez v. Smith*, 203 F.3d 1122, 1131–32 (9th Cir.2000) (en banc) (finding an inmate's medical needs to be serious where prison officials failed to follow hospital instructions following an inmate's surgery for a broken jaw because the inmate's condition affected his daily activities and was likely painful).

■ Moreover, Perez's alleged comments that he "didn't care" about Fews' situation and that Fews was getting on the bus "no matter what" are evidence of deliberate indifference to Fews' undisputed serious medical need. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (stating that indifference may be shown by a delay in medical treatment); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.1992) (stating that deliberate indifference may be established if a defendant "purposefully ignore[s] or fail[s] to respond to a prisoner's pain or possible medical need"), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). In light of the undisputed evidence that Fews had a medical need serious enough for the dentist to schedule

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not recite it here, except as necessary to aid in understanding this disposition.

emergency surgery, Fews has sufficiently alleged deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."); *see also, e.g., Hamilton v. Endell*, 981 F.2d 1062, 1066–67 (9th Cir.1992) (finding sufficient allegation of deliberate indifference to medical needs where the prisoner alleged that prison officials transferred him to another prison via airplane despite physician instructions that he could not fly due to a chronic ear problem, causing severe pain and damage to his ear), *abrogated on other grounds by Saucier*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272; *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir.1989) (finding that the prisoner had sufficiently alleged a claim of deliberate medical indifference where he alleged that "prison officials were aware that the loss of his dentures was causing him severe pain and resulting in permanent damage to his teeth"); *Canell v. Bradshaw*, 840 F.Supp. 1382, 1387, 1393 (D.Or. 1993) (finding that "Plaintiff has alleged a *prima facie* case for denial of medical care resulting in the infliction of unnecessary pain and suffering without legitimate penological justification," where the inmate was in severe pain after losing a dental filling, and the nurse offered pain medication but "advised that further dental care would not be provided until plaintiff had been sent to another institution at some uncertain date in the future," resulting in a two-day wait).

Finally, there is nothing in the record to indicate the basis for Perez's belief that Fews would receive timely medical treatment upon his arrival at Corcoran. There is therefore no factual basis to support a finding that Perez's belief was objectively reasonable. *See Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ("[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action.") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)); *Hydrick v. Hunter*, 466 F.3d 676, 702 (9th Cir.2006) (rejecting state officials' argument that their belief that their conduct was lawful was objectively reasonable, stating that, "[b]ased on the facts in front of us, ... we do not believe Defendants can claim that their conduct was objectively reasonable").

For the foregoing reasons, the order of the district court granting summary judgment is reversed and the case remanded for further proceedings.[2]

**REVERSED and REMANDED.**

---

2. In light of our decision to remand, we need not address Fews' claim that his failure to receive the summary judgment motion deprived him of the opportunity to address the qualified immunity issue. On remand, Fews will have the opportunity to address the issue more fully.