Clinton Brown MILES, Plaintiff–
Appellant,

v.

Charles A. DANIELS; Michael D.
Jones, Defendants–Appellees.

No. 05–35395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2007.

Filed May 2, 2007.

Clinton Brown Miles, Sheridan, OR, pro
se.

Kelly Alexandre Zusman, United States
Attorney Office, Portland, OR, Margaret
M. Ogden, Esq., U.S. Dept of Justice Fed-
eral Bureau of Prisons, Seatac, WA, for
Defendants–Appellees.

Before: KOZINSKI, FISHER and
TALLMAN, Circuit Judges.

MEMORANDUM *

Clinton Brown Miles, an inmate in fed-
eral prison, brought an action under *Bi-
vens v. Six Unknown Named Agents of
Fed. Bureau of Narcotics*, 403 U.S. 388, 91
S.Ct. 1999, 29 L.Ed.2d 619 (1971), against
Michael D. Jones, the prison dentist, and
Charles A. Daniels, the prison warden,
because of a 19–month delay in obtaining
dentures. We affirm the district court's
summary judgment in favor of both Jones
and Daniels.

1. There is no genuine factual dis-
pute that Jones acted "within the scope of
his office or employment" at all relevant
times, thus barring any *Bivens* action
against him. 42 U.S.C. § 233(a); *see Carl-*

* This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

*son v. Green,* 446 U.S. 14, 20, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). As required by Oregon law, Jones' interactions with Miles all occurred "substantially within the time and space limits authorized by [his] employment." *Fearing v. Bucher,* 328 Or. 367, 977 P.2d 1163, 1166 (1999). Jones' remark that Miles "was responsible for loosing [sic] all of his teeth" does not turn into triable issues either whether Jones was "motivated, at least partially, by a purpose to serve [his] employer" or whether his acts were "of a kind that [he] was hired to perform." *Id.*

■ 2. There is no genuine factual dispute that Daniels was not deliberately indifferent toward Miles. He responded promptly to each of Miles' complaints and gave several reasons why Miles could not be moved to the top of the routine dental care list. His response to Miles' October 2003 complaint was affirmed by both the Bureau of Prisons' regional office and its central office. Miles' medical condition was also not as exigent as that of the petitioner in *Hunt v. Dental Dep't,* 865 F.2d 198 (9th Cir.1989), who suffered from bleeding and infected gums and had his request to be placed on a soft food diet denied. *See id.* at 199. Miles visited sick call because of constipation only once during his time in prison. Finally, unlike the medical staff as to whom a triable issue was found in *Hunt,* Daniels is a prison administrator not directly entrusted with inmates' medical care. His position is analogous to that of the Director of the Arizona Department of Corrections in *Hunt,* who "played [no] role in denying Hunt medical care" and "cannot be held vicariously liable for the fault of [medical] personnel at [the prison]." *Id.* at 200.

**AFFIRMED.**