Gary B. MEEKS, Plaintiff—Appellant,

v.

Kathleen ALLISON, et al.,
Defendants—Appellees.

No. 06–15040.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2008.

Filed July 9, 2008.

Douglas G. Smith, Charles Wentworth,
Kirland & Ellis, Chicago, IL, for Plaintiff–
Appellant.

Gary B. Meeks, pro se.

John M. Feser, Jr., Esq., Deputy Attorney General, Jill Buttram Scally, Oliver Robert Lewis, Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: TASHIMA and GRABER,
Circuit Judges, and TIMLIN,* District
Judge.

MEMORANDUM **

California state prisoner Gary B. Meeks appeals the district court's order granting

* The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

summary judgment in favor of defendants Kathleen Allison, Douglas DeGeus, John Parsons, M.D., and J. Klarich, M.D. (collectively "Defendants") in his 42 U.S.C. § 1983 action alleging that these prison officials acted with deliberate indifference to his medical and dental needs while he was incarcerated, in violation of the Eighth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand with respect to Defendant Parsons but affirm as to all other defendants.

Because the parties are familiar with the facts, we do not recite them in detail. We review de novo a grant of summary judgment and determine whether, viewing the evidence in the light most favorable to Meeks, the nonmoving party, there are any genuine issues of material fact. *See Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir.2006).

■ A deprivation of a plaintiff's Eighth Amendment right occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.2004)(internal quotation marks omitted). Taking the allegations in Meeks' verified complaint as true, *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir.1998), and construing all evidence in favor of Meeks, a genuine issue of fact exists as to whether Dr. Parsons was deliberately indifferent to Meeks' serious medical needs.

It is factually undisputed that Dr. Parsons saw Meeks as a patient more than twenty times in six months, and Meeks repeatedly informed him that he was in pain and implored him to provide relief.

In light of these circumstances and the fact that Parsons had the authority to seek immediate treatment of Meeks' dental needs, it is reasonably inferable from Meeks' evidence that his serious dental problems were left untreated while in Dr. Parsons' care for approximately six months.

Meeks further contends that the district court erred in requiring him to present expert testimony on the issue of whether his dental condition constituted a serious medical need. However, the parties do not disagree about the nature of Meeks' condition or the proper course of treatment for him, only about whether Dr. Parsons was deliberately indifferent to the need to obtain that treatment in a more timely manner. Meeks' verified complaint and the medical records show that, after Meeks left the infirmary, his teeth became infected, he was losing weight due to his difficulty in chewing, and he was suffering considerable pain. This was sufficient evidence without the necessity of expert medical testimony to create a genuine issue of fact regarding deliberate indifference by Dr. Parsons to Meeks' serious dental needs. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200–01 (9th Cir.1989).

Summary judgment was properly granted as to all other defendants, because Meeks provided no significant probative evidence from which a reasonable person could find deliberate indifference by any of them regarding his medical and dental needs.

■ Finally, we find Meeks' contention that the district court abused its discretion in declining to request an attorney to represent him to be unpersuasive. This case does not necessarily present an "exceptional circumstance" at this point in the litigation. After its evaluation of the likelihood of Meeks' success on the merits and his

ability to articulate his claim in light of the complexity of the issues involved, the district court did not abuse its discretion in denying Meeks' request. *See* 28 U.S.C. § 1915(e)(1); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004).

Each party shall bear his or her own costs on appeal.

**REVERSED AND REMANDED as to Defendant John Parsons, M.D.; AFFIRMED as to Defendants Kathleen Allison, Douglas DeGeus, and J. Klarich, M.D.**