**Samuel D. MARTIN, Plaintiff–Appellant,**

v.

**Damanjeet CHUGH; et al., Defendants–Appellees.**

**No. 07–35713.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

Samuel D. Martin, Airway Heights, WA, pro se.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

MEMORANDUM **

Samuel D. Martin, a Washington state prisoner, appeals pro se from the district court's order dismissing sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Resnick v. Hayes, *213 F.3d 443, 447 (9th Cir.2000)*, and pursuant to *28 U.S.C. § 1915(e)*, Barren v. Harrington, *152 F.3d 1193, 1194 (9th Cir.1998) (order)*. We affirm in part, reverse in part, and remand.

The district court properly dismissed Martin's claim against the State of Washington because a state is not a "person" amenable to suit under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Given the low threshold requirements of 28 U.S.C. § 1915, Martin has stated a colorable Eighth Amendment claim against defendants Chugh and Smith. *See Resnick*, 213 F.3d at 447 (explaining that a court must liberally construe pro se pleadings, and accept as true all allegations of material fact); *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992) (explaining that a defendant may be deliberately indifferent if he purposefully ignores or fails to respond to an injury that a reasonable doctor or patient would find important and worthy of comment or treatment), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997); *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir.1989) (concluding that a prisoner stated a claim for deliberate indifference where prison employee's delayed response to grievances caused prisoner to suffer unnecessary and wanton infliction of pain). Accordingly, we remand for further proceedings as to defendants Chugh and Smith.

**AFFIRMED in part, REVERSED in part, and REMANDED.**