MEMORANDUM **
California state prisoner Justin Lomako appeals pro se from the district court’s order dismissing his 42 U.S.C. § 1983 action challenging conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000). We affirm.
The district court properly dismissed Lomako’s deliberate indifference claim against defendant Diaz. See Hunt v. Dental Dep’t, 865 F.2d 198, 200 (9th Cir. 1989) (explaining that prisoners can establish an Eighth Amendment violation with respect to dental care if they can prove there has been deliberate indifference to their serious dental needs). Pursuant to prison policy, Diaz refused to allow Loma-ko to possess dental appliances during his incarceration in the security housing unit. Lomako did not allege that loss of the appliances caused him pain or damaged his teeth, or that Diaz was aware of any such pain or damage yet failed to take responsive action. Lomako therefore failed to state a claim.
The district court properly dismissed Lomako’s deliberate indifference claim that officials sent his non-allowable property, including the dental appliances, to Lo-mako’s home rather than storing it on prison premises. Because Lomako failed to allege that sending the appliances home impacted his health, or that defendants were aware of any health risk, his allegations were insufficient to state a claim. See id.
The district court properly dismissed Lomako’s claim against defendant Whit-lach for screening out his June 30, 2005 inmate appeal, which sought a replacement dental appliance. Whitlach, the appeals coordinator for the California Correctional Institution (“CCI”), dismissed the appeal as moot after Lomako was transferred from CCI. These facts do not state a claim of deliberate indifference to serious medical needs. See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir.2002) (explaining that an official is liable for denying a prisoner needed medical care only if the official knows of and disregards an excessive risk to inmate health or safety).
*724 The district court properly dismissed Lomako’s claim for violation of section 3358(b) of the California Code of Regulations because 42 U.S.C. § 1983 does not provide a cause of action for violations of state law. Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir.1996).
Lomako’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.