**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2010[*]
Decided September 9, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1743

| | |
|---|---|
| RICHARD HOEFT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-cv-116-bbc |
| | |
| MICHAEL KASTEN, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Judge.* |

No. 10-1744

| | |
|---|---|
| RICHARD HOEFT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-cv-114-bbc |
| | |
| JOHN SEARS, | Barbara B. Crabb, |
| *Defendant-Appellee.* | *Judge.* |

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus the appeals are submitted on the briefs and the records. See FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

In each of these cases, which we have consolidated on appeal, Richard Hoeft asserts that an employee of Wisconsin's Stanley Correctional Institution ran afoul of the Eighth Amendment. In one suit he claims that John Sears, a dentist, failed to provide him with dentures; in the other suit he claims that Michael Kasten, a supervising officer, subjected him to loud and constant noise. The district court granted summary judgment against Hoeft in each case. He appeals, but we affirm the judgments.

Hoeft's teeth were in poor shape throughout the time he spent at Stanley. In March 2007 he submitted a form to Dr. Sears requesting dentures and complaining of cavities. But as Dr. Sears explained in his affidavit, "standard dental practice" mandates that a dentist should not fit a patient for dentures until all other work is complete and the patient has had at least six weeks to heal. So Dr. Sears placed Hoeft on separate wait-lists for dentures and cavity work. In April, after receiving another form from Hoeft, Dr. Sears scheduled a "priority appointment" and, two days later, extracted a tooth. And in June a dental technician cleaned Hoeft's teeth. But before Dr. Sears could complete his treatment plan, Hoeft was transferred to another prison in July 2007.

Hoeft's teeth were still causing him "a lot of pain" when he returned to Stanley in September 2008. Although he renewed his request for dentures, Dr. Sears instead picked up where he had left off and began treating cavities in two of Hoeft's teeth. Over the next few weeks the dentist completed a root canal on one of Hoeft's teeth and a restoration of another. And in January 2009 Dr. Sears extracted a tooth and performed a routine cleaning. When Hoeft was released from prison in February, however, he was still on the wait-list for dentures.

Around this time Hoeft spent about a month in the segregation unit. In an affidavit he explained, without elaboration, that the noise there was "excessively loud" and "almost constant." He complained to Kasten and asked to be moved, but to no avail.

Hoeft filed separate suits against Dr. Sears and Kasten, see 42 U.S.C. § 1983, but the district court granted summary judgment to each defendant. Dr. Sears' failure to provide Hoeft with dentures did not constitute deliberate indifference, the court reasoned, because the dentist simply chose a course of treatment that prioritized Hoeft's other dental needs. And Kasten was entitled to summary judgment, the court concluded, because Hoeft did not submit sufficiently specific evidence to prove that he was subjected to excessive noise in the segregation unit.

On appeal Hoeft argues that his claim against Dr. Sears is indistinguishable from *Hunt v. Dental Department*, 865 F.2d 198, 199, 201 (9th Cir. 1989), in which the Ninth Circuit reversed a grant of summary judgment in favor of a dentist who ignored a prisoner's frequent requests for dentures and waited three months before examining him. See also *Farrow v. West*, 320 F.3d 1235, 1239-41, 1243-45 (11th Cir. 2003) (reversing summary judgment in favor of dentist who ignored prisoner's request for dentures for nine months). As Hoeft sees it, because he had to wait significantly longer than three months, a jury reasonably could conclude that Dr. Sears too ran afoul of the Eighth Amendment.

Unlike the dentist in *Hunt*, however, Dr. Sears did not ignore Hoeft; to the contrary he provided numerous treatments for Hoeft's decaying teeth, including extraction, restoration, and even a root canal. Nor does the record support Hoeft's assertion that he should have been given dentures on demand; in fact Dr. Sears explained in his affidavit that a dentist ought not fit a patient for dentures until all other work is complete and the patient has had a chance to heal. So Hoeft's complaint boils down to an unsubstantiated disagreement with Dr. Sears' professional judgment. But lacking any evidence that the dentist's treatment plan was obviously inadequate, see *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010), or a substantial departure from standard practice, see *Gayton v. McCoy*, 593 F.3d 610, 622-23 (7th Cir. 2010), Hoeft cannot make out a claim of deliberate indifference.

As for his claim against Kasten, Hoeft insists that exposing prisoners to loud noises *does* constitute a violation of the Eighth Amendment. Compare *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (reversing summary judgment in favor of official who subjected prisoner to constant " 'screaming, wailing, crying, singing and yelling' " by other inmates), with *Lunsford v. Bennett*, 17 F.3d 1574, 1577 n.2, 1580 (7th Cir. 1994) (holding that "music and loud talking" broadcast over prison intercom throughout 24-hour period did not "offend contemporary standards of decency"). But he has no answer to the district court's conclusion that his evidence was insufficiently specific to stave off summary judgment. See FED. R. CIV. P. 56(e)(2); *Petts v. Rockledge Furniture LLC*, 534 F.3d 715, 722-23 (7th Cir. 2008) (collecting cases). Indeed his bare-bones affidavit provides no details about the noise; all he says is that it was excessively loud and almost constant. Those generic assertions, however, would not allow a jury to conclude that he was denied "the minimal civilized measure of life's necessities." See *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

AFFIRMED.