**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN M. STEWART, | No. 09-35900 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00003-JLR |
| v. | |
| KING COUNTY JAIL, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| KING COUNTY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner John M. Stewart appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Stewart's claims against King County because he failed to allege sufficient facts showing that a specific county policy or custom was "the moving force" behind the alleged unconstitutional conduct. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1193-94 (9th Cir. 2002).

The district court properly dismissed Stewart's claims against supervisory prison officials Holtgeerts, Karlsson, and Fleming because Stewart made only vague and conclusory allegations regarding their personal participation in the deprivation of Stewart's constitutional rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a claim upon which relief may be granted).

The district court properly dismissed Stewart's deliberate indifference claims against defendants Ashbaugh, Stuver, Burach, Morey, S. Phillips, Hancock, Starks, Chan, Pace, and Lee because Stewart failed to allege sufficient facts showing that these defendants knew of and disregarded an excessive risk to his health and safety when they ignored Stewart's request for dental care, resulting in some unspecified delay in treatment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety"); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an eighth amendment violation.").

We do not consider Stewart's claims not adequately raised on appeal. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

We deny Stewart's two motions to file supplements to his brief.

Stewart's remaining contentions are unpersuasive.

**AFFIRMED.**

09-35900