**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICKY W. JAMES,

                Plaintiff - Appellant,

   v.

J. WILBER, D.D.S.; et al.,

                Defendants - Appellees.

No. 10-17911

D.C. No. 1:08-cv-00351-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted March 6, 2012[***]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

    Ricky W. James, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. §1983 action alleging deliberate

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his serious dental needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment to defendants Wilber and Johnson because James failed to raise a genuine dispute of material fact as to whether those defendants were deliberately indifferent to his dental problems and associated pain. *See id.* at 1059-60 (mistakes, negligence or malpractice do not rise to an Eighth Amendment violation, nor does a difference of opinion about the preferred course of treatment).

The evidence as to defendant Saenz, however, viewed in the light most favorable to James, raises a triable dispute as to whether Saenz was deliberately indifferent to James's serious dental needs. James repeatedly told Saenz that he was suffering from severe pain from an abscessed tooth, his dentures had broken and he could not eat properly, yet Saenz failed to relieve his pain or ensure that he was promptly seen by qualified medical or dental personnel. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200-01 (9th Cir. 1989) (explaining that dental care is one of the most important medical needs of inmates, and reversing summary judgment for officials who were aware of inmate's "bleeding gums, breaking teeth and his inability to eat properly, yet failed to take any action to relieve his pain").

2

Moreover, Saenz admits that she is not qualified to evaluate dental conditions or perform medical evaluations but nonetheless determined that James was not entitled to emergency medical attention. Accordingly, we reverse the grant of summary judgment as to Saenz and remand for further proceedings.

James's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

*James v. Wilber*, No. 10-17911

MAR 15 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

I would affirm summary judgment as to L.V.N. Saenz.