FILED

NOT FOR PUBLICATION

MAY 30 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO R. JIMENEZ,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>GREG COX; GLEN WHORTON; E.K.<br>MCDANIEL, Warden; ADAM ENDEL;<br>R. CHAMBLISS; CLAUDE WILLIS;<br>MARK DRAIN; NEVADA<br>DEPARTMENT OF CORRECTIONS;<br>HAROLD CURRY; MIKE SCHEEL,<br><br>               Defendants - Appellees. | No. 09-15194<br><br>D.C. No. 3:05-CV-00638-LRH-RAM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted May 8, 2012
Pasadena, California

Before: D.W. NELSON, FISHER, and CHRISTEN, Circuit Judges.

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Fernando Jimenez appeals the grant of summary judgment to prison officials in his civil rights action pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We affirm summary judgment on Jimenez's due process claim but reverse and remand his First and Eighth Amendment claims for trial.

The district court correctly granted summary judgment on Jimenez's due process claim. Jimenez has failed to identify a liberty interest protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 474 (1995). At oral argument, Jimenez made clear that his due process claim is based solely on his designation as a member of a Security Threat Group ("STG"), without tying that validation to his extended confinement in administrative segregation. Jimenez has failed to show that his STG designation in and of itself imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484; *see also Bruce v. Ylst*, 351 F.3d 1283, 1287–88 (9th Cir. 2003) (recognizing that "some evidence" supported prisoner's identification as a gang member but without expressly recognizing or creating a protected liberty interest).

The district court erred in granting summary judgment on Jimenez's First Amendment retaliation claim. Inmates enjoy a First Amendment right to file prison grievances, and the Constitution forbids retaliation for the exercise of that right. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (amended). Jimenez

has raised triable issues of fact (1) that correctional officer Mark Drain took adverse actions against Jimenez by making threatening statements and by taking steps to keep Jimenez in administrative segregation; (2) that Drain's actions were in retaliation for Jimenez filing a grievance against Drain's stepson; (3) that Drain's actions chilled the exercise of Jimenez's First Amendment rights; and (4) that Drain's actions did not reasonably advance a legitimate correctional goal. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

The district court also erred in granting summary judgment on Jimenez's deliberate indifference claim. Inmates have an Eighth Amendment right to medical care while in prison, *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976), and Jimenez has raised a triable issue of fact whether Appellees were deliberately indifferent to his serious medical needs, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Jimenez claims that he suffered cuts to his flesh, causing pain, bleeding, burning, swelling, bruises, numbing and permanent scarring, and that a doctor prescribed medication three weeks after he sustained his injuries, Thus, Jimenez has raised a triable issue whether his injury was a serious medical one. *See Clement v. Gomez*, 298 F.3d 898, 902 (9th Cir. 2002) (stinging eyes and skin, coughing, gagging and trouble breathing from pepper spray were serious medical needs). Jimenez also claims that he requested medical treatment several times over the course of three

weeks, including on the day of his injury, Jimenez has raised a triable issue whether Appellees acted purposefully to delay treatment. *See Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060–61 (9th Cir. 1992) ("[A] finding that the defendant repeatedly failed to treat an inmate properly . . . strongly suggests that the defendant's actions were motivated by deliberate indifference." (internal quotation marks and citation omitted)), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Finally, Jimenez has raised triable issues of fact whether the delay in treatment caused him harm. Jimenez has alleged harm sufficient to raise a triable issue, and this harm need not be substantial, as the district court erroneously required. *McGuckin*, 974 F.2d at 1060; . Costs on appeal are awarded to Jimenez.

**AFFIRMED in part; REVERSED and REMANDED in part.**