

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR LOPEZ, an individual, | No. 17-16516 |
| Plaintiff-Appellee, | D.C. No. 4:13-cv-00691-DCB |
| v. | |
| P. SWANEY, Lieutenant; J. BENNETT, Sergeant, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted August 15, 2018[**]
San Francisco, California

Before: SCHROEDER, SILER,[***] and GRABER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Defendants J. Bennett and P. Swaney appeal the district court's denial of summary judgment on the issue of qualified immunity. On de novo review, Hamby v. Hammond, 821 F.3d 1085, 1090 (9th Cir. 2016), we affirm.

1. Viewing the evidence in the light most favorable to Plaintiff, id., there exist questions of fact as to whether Bennett actually knew of Plaintiff's serious medical needs and as to whether Bennett responded to those needs with deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (stating elements of a claim of deliberate indifference under the Eighth Amendment).

First, some evidence suggests that Bennett knew of Plaintiff's serious medical needs. Plaintiff claims that, on the dates when Bennett saw him, he was unable to walk, eat, open his eyes, chew, talk, or breathe without gasping for air—all clearly observable and severe symptoms. There are thus questions of fact as to whether Bennett actually knew of Plaintiff's condition. See Farmer v. Brennan, 511 U.S. 825, 842 (1994) (explaining that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious").

Second, some evidence suggests that Bennett's response to Plaintiff's needs was unreasonable. Bennett observed Plaintiff suffering from grave symptoms and did nothing to obtain help for Plaintiff. The denial of medical care in the face of an

obvious emergency constitutes deliberate indifference. <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1259 (9th Cir. 1982), <u>overruled on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995).

The evidence, viewed in Plaintiff's favor, does not support Bennett's argument that he was relying on the medical opinions of the prison's nursing staff. Although non-medical staff are entitled to qualified immunity when they act (or fail to act) in reliance on a "bona fide medical opinion," <u>Hamby</u>, 821 F.3d at 1095,[1] on the present record, there was no bona fide medical opinion in this case—or, at least, not one of which Bennett was aware. Furthermore, Plaintiff's cellmate told Bennett that the nursing staff refused to help or examine him, and Bennett, after being told as much, did nothing, in the face of serious symptoms, to verify that Plaintiff was receiving adequate treatment. Accordingly, viewing the evidence in Plaintiff's favor, Bennett denied Plaintiff access to treatment even though he had reason to think that Plaintiff was receiving no care at all.

2. There exist questions of fact with respect to Swaney's conduct, too.

---

[1] We assume, without deciding, that Defendants would be entitled to rely on a nurse's opinion, as distinct from a doctor's opinion.

First, the obviousness of Plaintiff's alleged symptoms suggests that Swaney, like Bennett, actually knew of Defendant's serious medical needs. Farmer, 511 U.S. at 842.

Second, some evidence suggests that Swaney responded to those needs with deliberate indifference. Viewing the evidence in Plaintiff's favor, Swaney visited Plaintiff's cell on or around August 1, 2012, observed him suffering from grave symptoms, and did nothing. Although Swaney argues that he declined to take action because he was relying on the opinions of the prison's medical staff, Swaney testified that, before August 2, he was not personally aware of whether medical staff had seen Plaintiff. There is thus a question of fact as to whether Swaney acted with deliberate indifference by failing to obtain help for Plaintiff on August 1.

3. Viewing the evidence in Plaintiff's favor, Defendants violated clearly established law. Hamby, 821 F.3d at 1090–91. It is "beyond debate," id. at 1092, that a prison official acts with deliberate indifference when the official denies medical care to a prisoner exhibiting serious symptoms of pain or disease, Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989). Defendants' argument that they did not violate clearly established law because they acted pursuant to the nursing staff's opinions is unavailing because that argument depends on the resolution of

4

disputed issues of fact, in <u>Defendants'</u> favor.  <u>See</u> <u>Wilkins v. City of Oakland</u>, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, summary judgment is not appropriate.").

**AFFIRMED.**

*Lopez v. Swaney*, No. 17-16516

**SILER, Circuit Judge, dissenting.**

I respectfully dissent from the conclusion that the officers in this case, Swaney and Bennett, are not entitled to qualified immunity. In order for the defendants to be liable to Lopez, it must be beyond debate at the time the officers acted that they did not clearly violate the constitutional rights of Lopez. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

In this case, Bennett escorted a nurse to Lopez's cell and the nurse checked the vital signs of the prisoner. Bennett relied upon the fact that the sick inmates were being monitored and treated by the medical staff. A non-medical officer "will generally be justified in believing that the prisoner is in capable hands," *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004), when the prisoner is under the care of a medical officer. That is what Bennett thought when he escorted the nurse to Lopez's cell.

In the case of Swaney's conduct, although he saw that Lopez was having problems breathing, Swaney told Lopez that "medical doesn't want to help you!" Swaney told medical about Lopez's complaint that day and medical indicated that no further medical response was needed. When correctional officers rely upon medical professionals to diagnose and consider the sickness of a prisoner, they

1

meet their constitutional obligations to the prisoners. I would grant qualified immunity to both officers in this case.