FILED

OCT 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE MONTIJO, | No. 17-16465 |
| Plaintiff-Appellee, | D.C. No. 4:13-cv-01439-DCB |
| v. | |
| UNKNOWN SWANEY; UNKNOWN BENNETT, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 14, 2018
San Francisco, California

Before:  SCHROEDER, SILER,[**] and GRABER, Circuit Judges.

Defendants Bennett and Swaney appeal the district court's denial of

summary judgment on the issue of qualified immunity.  On de novo review,

Hamby v. Hammond, 821 F.3d 1085, 1090 (9th Cir. 2016), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1. Viewing the evidence in the light most favorable to Plaintiff, id., there exist questions of fact as to whether Bennett actually knew of Plaintiff's serious medical needs and as to whether Bennett responded to those needs with deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (stating elements of a claim of deliberate indifference under the Eighth Amendment).

First, some evidence suggests that Bennett knew of Plaintiff's serious medical needs. Plaintiff claims that, on the dates when Bennett saw him, he was unable to walk, eat, open his eyes, chew, talk, or breathe without gasping for air—all clearly observable and severe symptoms. There are thus questions of fact as to whether Bennett actually knew of Plaintiff's condition. See Farmer v. Brennan, 511 U.S. 825, 842 (1994) (explaining that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious").

Second, some evidence suggests that Bennett's response to Plaintiff's needs was unreasonable. Bennett observed Plaintiff suffering from grave symptoms and did nothing to obtain help for Plaintiff. The denial of medical care in the face of an obvious emergency constitutes deliberate indifference. Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

The evidence, viewed in Plaintiff's favor, does not support Bennett's argument that he was relying on the medical opinions of the prison's nursing staff. Although non-medical staff are entitled to qualified immunity when they act (or fail to act) in reliance on a "bona fide medical opinion," Hamby, 821 F.3d at 1095,[1] on the present record, there was no bona fide medical opinion in this case—or, at least, not one of which Bennett was aware. Furthermore, Plaintiff's cellmate told Bennett that the nursing staff refused to help or examine him, and Bennett, after being told as much, did nothing, in the face of serious symptoms, to verify that Plaintiff was receiving adequate treatment. Accordingly, viewing the evidence in Plaintiff's favor, Bennett denied Plaintiff access to treatment even though he had reason to think that Plaintiff was receiving no care at all.

2. There exist questions of fact with respect to Swaney's conduct, too.

First, the obviousness of Plaintiff's alleged symptoms suggests that Swaney, like Bennett, actually knew of Defendant's serious medical needs. Farmer, 511 U.S. at 842.

Second, some evidence suggests that Swaney responded to those needs with deliberate indifference. Viewing the evidence in Plaintiff's favor, Swaney visited

---

[1] We assume, without deciding, that Defendants would be entitled to rely on a nurse's opinion, as distinct from a doctor's opinion.

Plaintiff's cell on or around August 1, 2012, observed him suffering from grave symptoms, and did nothing. Although Swaney argues that he declined to take action because he was relying on the opinions of the prison's medical staff, Swaney testified that, before August 2, he was not personally aware of whether medical staff had seen Plaintiff. There is thus a question of fact as to whether Swaney acted with deliberate indifference by failing to obtain help for Plaintiff on August 1.

3. Viewing the evidence in Plaintiff's favor, Defendants violated clearly established law. Hamby, 821 F.3d at 1090–91. It is "beyond debate," id. at 1092, that a prison official acts with deliberate indifference when the official denies medical care to a prisoner exhibiting serious symptoms of pain or disease, Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989). Defendants' argument that they did not violate clearly established law because they acted pursuant to the nursing staff's opinions is unavailing because that argument depends on the resolution of disputed issues of fact, in Defendants' favor. See Wilkins v. City of Oakland, 350 F.3d 949, 956 (9th Cir. 2003) ("Where the officers' entitlement to qualified immunity depends on the resolution of disputed issues of fact in their favor, and against the non-moving party, summary judgment is not appropriate.").

**AFFIRMED.**

*Montijo v. Unknown Swaney*, No. 17-16465

**SILER, Circuit Judge, dissenting.**

I respectfully dissent in this case with regard to the question of qualified immunity. There is no existing case law which describes the conduct of either Bennett or Swaney as having violated Montijo's constitutional rights. *See Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). Bennett escorted a nurse to Montijo's cell when that nurse checked the vital signs of Montijo. On the following day, when Bennett came to Montijo's cell, Bennett went to medical, returned to the cell, and told Montijo that he had talked to the medical staff and a nurse said she had seen Montijo and there was nothing wrong with him.

In Swaney's case, he informed medical staff of Montijo's complaints either before or after he spoke to Montijo, but the medical staff said that they had already addressed the medical issues that morning and that whatever was wrong with Montijo "didn't require any further response." Both officers relied upon the medical staff at the institution and did not violate any clearly established constitutional right by taking no further action. They had a right to rely upon the professional staff. Therefore I would grant qualified immunity to both officers in this case.

1