**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSEPH E. GAXIOLA, | No. 14-16548 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01989-WHA |
| v. | |
| M. SAYRE, M.D., SUE RISENHOOVER, F.N.P., K. VAIL, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| C. WILLIAMS, Dr., | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted May 12, 2016
San Francisco, California

Before: McKEOWN, SACK[**], and FRIEDLAND, Circuit Judges.

Plaintiff Joseph E. Gaxiola, a California state inmate, appeals from the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

district court's grant of summary judgment on his 42 U.S.C. § 1983 claims alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291 and review the grant of summary judgment *de novo*. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We affirm in part, reverse in part, and remand.

We conclude that the district court erred in granting summary judgment against Gaxiola on his claim that the Defendants[***] acted with deliberate indifference in failing to treat his condition after the July 1, 2008 incident. Gaxiola has presented evidence that a prison nurse observed him having a grand mal seizure on this date, that he subsequently experienced several syncopal episodes that could have been due to seizure disorder, and that he did not receive follow-up testing until approximately four months after the incident. Viewing the record in the light most favorable to Gaxiola, we conclude that a reasonable juror could find that the Defendants "kn[ew]" that he suffered from a seizure disorder as of July 1, 2008, but "disregard[ed] [this] excessive risk" to his health by delaying the provision of adequate treatment or testing. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (stating that a delay in medical treatment can amount to deliberate indifference, and that "[a] prisoner need not show his harm was substantial").

---

[***] Defendant C. Williams, Dr., was never served and never appeared.

The district court further erred in granting summary judgment on Gaxiola's claim that Defendants Sayre and Risenhoover were deliberately indifferent to his later-diagnosed seizure disorder when they decided to discontinue his anti-seizure medication. To prevail on this claim, Gaxiola must demonstrate that the decision "was medically unacceptable under the circumstances" and was made "in conscious disregard of an excessive risk to [his] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Gaxiola has raised a genuine dispute of material fact as to the medical basis for discontinuing his medication in light of (a) the five seizures or seizure-like incidents he suffered after he stopped taking this medication, and (b) the cursory explanation offered for this decision, which relied on a few days when Gaxiola did not take his medication with no adverse effects, eight months without seizure activity while he was still on his medication, and medical records that pre-dated his seizure disorder diagnosis. *See also Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("[W]e need not defer to the judgment of prison doctors or administrators" to "decid[e] whether there has been deliberate indifference to an inmate's serious medical needs.").

Summary judgment for the Defendants on Gaxiola's deliberate indifference claims concerning the denial of a neurologist consultation and the delayed provision of protective head gear was proper. *See Estelle v. Gamble*, 429 U.S. 97,

3

107 (1976) (whether "additional diagnostic techniques or forms of treatment" are appropriate "is a classic example of a matter for medical judgment" that falls outside the scope of a deliberate indifference claim); *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (negligence or gross negligence does not constitute deliberate indifference). The Defendants were also entitled to summary judgment on Gaxiola's claim of deliberate indifference to his chronic headaches and vision problems, which sounds in negligence and therefore fails. *See Lemire*, 726 F.3d at 1082; *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

The parties shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.