**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY CHARLES CLEVELAND, | No. 17-56448 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01893-DSF-GJS |
| v. | |
| CORINA NGO CHIN, M.D., sued in their Individual capacities; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 12, 2018[**]

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

California state prisoner Larry Charles Cleveland appeals pro se from the

district court's order dismissing his 42 U.S.C. § 1983 action alleging retaliation

and deliberate indifference to his serious medical needs.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (2012). We affirm in part, reverse in part, and remand.

The district court properly dismissed Cleveland's deliberate indifference claims against defendants Chin, Finander, Frances, Hughes, and Alvarez because Cleveland failed to allege facts sufficient to show that any defendant knew of and disregarded an excessive risk to his health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; mere negligence is insufficient to establish deliberate indifference).

The district court properly dismissed Cleveland's deliberate indifference claims against defendants Lois and Jones because Cleveland failed to allege that he was harmed by the delay in treatment. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show that delay led to further injury).

The district court dismissed Cleveland's deliberate indifference and retaliation claims against defendant Fitter for failure to state a claim. However, Cleveland alleged that defendant Fitter intentionally discontinued plaintiff's pain medication because Cleveland had complained about Fitter's colleagues to the medical board. Liberally construed, these allegations "are sufficient to warrant ordering [Fitter] to file an answer." *Wilhelm*, 680 F.3d at 1116; *see also Rhodes v.*

2

*Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context); *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989) (concluding that defendant acted with deliberate indifference where his purposeful act caused the prisoner to suffer unnecessary and wanton infliction of pain). We reverse and remand for further proceedings on these claims against Fitter only.

**AFFIRMED in part, REVERSED in part, and REMANDED.**