NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 7 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIANTE DION SCOTT, | No. 22-16064 |
| Plaintiff-Appellant, | D.C. No.<br>1:17-cv-01146-JLT-GSA |
| v. | |
| OLGA BEREGOVSKAY, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Judge Jennifer L. Thurston, District Judge, Presiding

Argued and Submitted November 12, 2024
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and MOLLOY,[**] District Judge.

Plaintiff-Appellant Tiante Dion Scott, a convicted prisoner, appeals from the district court's summary judgment on his Eighth Amendment deliberate medical indifference claims. *See* 42 U.S.C. § 1983. These claims arise out of the treatment

---

[*]  This disposition is not appropriate for publication and is not precent except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

he received in 2016 from Defendants-Appellees Nurses Chika Agbasi and Guadalupe Armendariz ("Nurse Defendants") and Olga Beregovskaya,[1] M.D., after Scott was shanked by fellow inmates and a piece of the shank broke off inside his neck. Appellees sought summary judgment on the merits and asserted qualified immunity. Adopting the findings and recommendation of a magistrate judge, the district court found Appellees did not violate Scott's Eighth Amendment rights without reaching qualified immunity. Scott appeals. We review a district court's grant of summary judgment de novo. *Herrera v. L.A. Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021). We "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Nonetheless, the pro se inmate must competently identify evidence that precludes summary judgment. *See Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). We affirm in part, reverse in part, and remand.

"[T]o maintain an Eighth Amendment claim based on inadequate medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This two-pronged test consists of an objective and subjective element. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

---

[1] Dr. Beregovskaya is incorrectly referred to as Dr. "Beregovskay" in the caption.

The first prong, serious medical need, is objectively shown. *Id.* The second prong, deliberate indifference, involves a subjective assessment of whether a defendant was "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

I

Scott claims that Nurse Defendants provided constitutionally inadequate medical care by failing to physically examine him after he was attacked and interviewing him in the presence of his attacker. His examination claim fails on the merits, and Nurse Defendants are entitled to qualified immunity as to his interview claim.

First, Nurse Defendants were not deliberately indifferent in their failure to examine Scott because despite being "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" as to Scott, they did not actually draw the inference. *See Farmer*, 511 U.S. at 837; *Sandoval v. County of San Diego*, 985 F.3d 657, 667–68 (9th Cir. 2021). Though Nurse Defendants knew that Scott had just been in a fight in the yard and their failure to physically examine him contravened prison policy, the record shows that they concluded Scott had an ingrown hair and relayed this medical opinion to the supervising physician. Nurse Defendants' actions therefore demonstrate that they

3

did not actually infer that a substantial risk of serious harm to Scott existed. *See Sandoval*, 985 F.3d at 668 ("[A] prison official who *should* have been aware of a medically related risk to an inmate, but in fact was not, has not violated the Eighth Amendment, no matter how severe the risk.") (internal quotation marks omitted); *see also Farmer*, 511 U.S. at 844 (explaining that a prison official may show they were unaware of a substantial risk by proving "that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent"). Thus, summary judgment was properly granted in Nurse Defendants' favor on this claim.

Second, because Nurse Defendants did not violate clearly established law in interviewing Scott in the presence of his attacker, they are entitled to qualified immunity as to this claim. While Scott persuasively shows that courts have addressed systemic denials of access to medical services as deliberate indifference, *see Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982) (explaining deliberate indifference can manifest "if prisoners are unable to make their medical problems known to medical staff"); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (same); *LeMaire v. Maass*, 12 F.3d 1444, 1458–59 (9th Cir. 1993) (same), these cases do not present sufficiently similar facts to the isolated incident of direct delivery of medical care that occurred here to clearly establish the law in this context. Because the state of the law at the time of the interview was not

4

sufficiently clear as to give reasonable prison officials warning that their conduct was unlawful, Nurse Defendants are entitled to qualified immunity as to this claim. Summary judgment as to these claims is therefore affirmed on this ground.

II

Scott also claims that Dr. Beregovskaya provided constitutionally inadequate medical care through her treatment of both his arm pain and his neck injury. We affirm the district court's summary judgment determination as to the former and reverse as to the latter.

Summary judgment was properly granted in favor of Dr. Beregovskaya as it relates to the failure to treat Scott's arm pain. Scott was unable to raise his arm when Dr. Beregovskaya requested that he do so, and he told her his shoulder was in pain possibly due to a neck infection. Even though the record indicates that Dr. Beregovskaya incorrectly believed Scott was lying about not being able to raise his arm, her subsequent examination and misdiagnosis of his arm suggests at most possible negligence. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Nevertheless, Scott has raised a genuine issue of material fact as to whether Dr. Beregovskaya's failure to treat the shank fragment in his neck was a "medically unacceptable" decision made "in conscious disregard of an excessive

5

risk to [his] health," constituting deliberate indifference. *Toguchi v. Chung*, 391

F.3d 1051, 1058 (9th Cir. 2004) (internal quotation marks and citation omitted).

Dr. Beregovskaya asserts that she believed Scott was lying, but a rational trier of

fact could conclude that her choice to order an x-ray reveals a subjective belief that

Scott faced a "substantial risk of serious harm." *Farmer*, 511 U.S. at 836. If Dr.

Beregovskaya had such a subjective belief, then Scott has raised a triable issue of

fact as to whether Dr. Beregovskaya's treatment decision was medically

reasonable. Specifically, Scott argues that because he told Dr. Beregovskaya that

the shank was plastic or glass, and because the x-ray could not, by Dr.

Beregovskaya's contemporaneous admission, detect plastic or glass, Dr.

Beregovskaya's choice to order the x-ray was medically unreasonable. The

medical reasonableness of her decision is a fact-intensive question that cannot be

resolved at summary judgment. Thus, the district court erred by granting summary

judgment in favor of Dr. Beregovskaya on this claim. Nor is Dr. Beregovskaya

entitled to qualified immunity based on her treatment of Scott's neck. It is clearly

established that a defendant can be held liable for actions that were "medically

unacceptable under the circumstances" if she chose a course of treatment "in

conscious disregard of an excessive risk to the plaintiff's health." *Toguchi*, 391

F.3d at 1058. As explained above, Scott has raised a triable issue of fact as to

whether Dr. Beregovskaya's decisions were medically reasonable. Accordingly,

6

Scott's deliberate indifference claim against Dr. Beregovskaya for the treatment of his neck is remanded for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED. Each party to bear their own costs on appeal.**