NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAAC LEWIS,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>B. GUTIERREZ; ALBERT M. CASTELLAN, Added per Order #33; VERONICA AVILA, Added per Order #33; VANESSA RODRIGUEZ, Added per ECF No. 56 order,<br><br>    Defendants - Appellants, | No. 24-5500<br><br>D.C. No.<br>3:22-cv-00010-CLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding

Argued and Submitted November 21, 2025
San Francisco, California

Before: S.R. THOMAS, BRESS, and MENDOZA, Circuit Judges.

Defendants Dr. Albert Castellan, Benedicto Gutierrez, Veronica Avila, and

Vanessa Rodriguez-Nicholson appeal the district court's order denying their motion

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action alleging deliberate indifference to Nevada prisoner Isaac Lewis's severe dental pain. We have jurisdiction to review denials of qualified immunity on an interlocutory basis under the collateral order doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We review the denial of qualified immunity de novo, evaluating "whether the facts, 'considered in the light most favorable to the plaintiff,' show that qualified immunity is warranted." *Hopson v. Alexander*, 71 F.4th 692, 697 (9th Cir. 2023) (quoting *Ames v. King Cnty.*, 846 F.3d 340, 347 (9th Cir. 2017)). We affirm in part, reverse in part, and remand for further proceedings.

1.  The district court correctly denied qualified immunity to dental assistants Avila and Rodriguez-Nicholson. "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A serious medical need can be established by "the presence of a medical condition that significantly affects an individual's daily activities" or by "the existence of chronic and substantial pain." *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (quoting *Colwell*, 763 F.3d at 1066). Deliberate indifference has an objective and subjective component, in that each prison official sued "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Colwell*, 763 F.3d at 1066 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). This may be shown "when prison officials deny, delay or intentionally interfere with medical treatment" or "by the way in which prison physicians provide medical care." *Id.* (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

An inmate's showing that prison officials knowingly delayed for multiple months to address complaints about significant dental pain supports a finding of deliberate indifference to the inmate's serious medical needs. *See Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989). In this case, Lewis's kites to the dental assistants support an inference that both were subjectively aware of Lewis's repeated complaints of severe dental pain. Although the kites consistently relayed Lewis's severe pain, the record construed in the light most favorable to Lewis suggests that neither Avila nor Rodriguez-Nicholson arranged for prompt treatment between March and July 2020. That constitutional violation was clearly established based on our decision in *Hunt*, 865 F.2d at 201.

Defendants argue that the delayed treatment in this case was not a clearly established violation of Lewis's constitutional rights because the outbreak of the COVID-19 pandemic constrained the ability of prison dental staff to address Lewis's dental needs. But there is a genuine dispute whether the COVID-19 dental guidance relied on by defendants prevented them from addressing Lewis's dental pain, given

that the guidance allowed treatment for "urgent" dental conditions. Although Avila and Rodriguez-Nicholson may invoke COVID-based limitations on care as a defense at trial, this does not warrant the grant of qualified immunity at this stage of the proceedings.

2. The district court erred in denying qualified immunity to Gutierrez. There is no evidence in the record that Gutierrez knew that Lewis was suffering significant dental pain between March and July 2020, the actionable period. The record accordingly does not support the conclusion that Gutierrez was deliberately indifferent to Lewis's dental pain during that period. Lewis now concedes on appeal that Gutierrez should have been granted qualified immunity and that he is no longer pursuing claims against Gutierrez.

3. The district court's denial of qualified immunity as to Dr. Castellan was premature. The record is unclear whether Dr. Castellan was the dentist who treated Lewis in March or July 2020, or whether Dr. Castellan was notified about Lewis's complaints of severe pain in that period. We accordingly reverse and remand the district court's decision to deny Dr. Castellan qualified immunity. On remand, the district court is directed to permit limited discovery on the issue of Dr. Castellan's role in Lewis's treatment between March and July of 2020, and his knowledge of Lewis's complaints. Upon completion of that discovery, the district court may consider any further motion for summary judgment in light of the reasoning set forth

in this decision.[1]

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**[2]

---

[1]  Based on his arguments on appeal, Lewis's claims are confined to the theory that defendants delayed in providing him proper dental treatment between March and July 2020.  We do not understand Lewis to be contending that the treatment he received after July 2020 violated his constitutional rights.  Nor could such a claim succeed. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

[2]  The parties shall bear their own costs on appeal.